UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. MJ 07-597 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| CHRISTOPHER RYAN REA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense charged</u>:

   Conspiracy to Distribute Cocaine

<u>Date of Detention Hearing</u>:   Initial Appearance: December 27, 2006

   The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

   <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

   (1)   **Drug Trafficking.** The complaint establishes probable cause to believe defendant

01 conspired to distribute two kilograms or more of cocaine. The evidence in support of the
02 complaint indicates defendant discarded 2.3 grams of cocaine as he fled from officers who were
03 attempting to arrest him on this charge. It also indicates he sold 0.88 grams of cocaine to an
04 undercover agent in August of 2007. Defendant also told the undercover agent he had been
05 buying Oxycontin in Las Vegas, and transporting the pills to Seattle, making a profit of $50,000
06 on each trip; and that he and his partner had recently sold six kilos of cocaine to Canadian drug
07 traffickers.

08     (2) **Firearms and Ammunition.** A search of his residence produced (in addition to
09 drugs and paraphernalia) four firearms, at least three of which were semi-automatic weapons, and
10 hundreds of rounds of ammunition. One of those weapons has been linked to the attempted armed
11 robbery described in the next paragraph.

12     (3) **Attempted Armed Robbery.** Defendant is a suspect in an attempted armed
13 robbery of a Walgreen's store on or about October 29, 2007. One witness indicated the robber
14 had a tattoo on his left forearm; defendant has a tattoo which appears to fit that description. There
15 are other identifications, of varying specificity and reliability, of the robber and his vehicle, which
16 appear to be at least consistent with defendant as the robber. There is also evidence that a man,
17 believed to be the defendant, told another man at a gas station that he intended to rob the
18 Walgreen's store and to "shoot it up," and that he threatened the witness with death if he informed
19 anyone.

20     (4) **Flight from Scene of Attempted Arrest.** When officers attempted to arrest
21 defendant and his companion in connection with the arranged sale of two kilos of cocaine, the two
22 suspects rammed the SWAT vehicle, drove away, jumped from their vehicle, discarded a bag of

cocaine, and fled into the woods.

  (5) **Drug Use.**  Defendant acknowledges that he has a serious drug and alcohol abuse problem, of long standing.  He consumes four to six beers three times a week.  He uses one gram of cocaine and one gram of marijuana daily.  He also uses many prescription drugs, primarily Oxycontin but also Valium, Xanax, Methadone, Vicodin, and Percocet.  He advised the Pretrial Services Officer he will use any prescription drug "when it's there."  In the past, he has used LSD, hallucinogenic mushrooms, and has "huffed gas."

  (6) **Drug Treatment Programs.**  Defendant has participated in programs at various drug and alcohol treatment facilities, totaling five years.  Defendant and his family propose that he be ordered to participate in another such program at this time, in lieu of detention.  The court, however, has no reason to believe that defendant would be any more likely to succeed at such a program than at the prior programs.  Specifically, his participation in such a program would not provide reasonable assurance of his future court appearances or of the safety of other persons and the community.

It is therefore ORDERED:

  (1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

  (2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

  (3) On order of a court of the United States or on request of an attorney for the

01 Government, the person in charge of the corrections facility in which defendant is

02 confined shall deliver the defendant to a United States Marshal for the purpose of

03 an appearance in connection with a court proceeding; and

04 (4) The clerk shall direct copies of this order to counsel for the United States, to

05 counsel for the defendant, to the United States Marshal, and to the United States

06 Pretrial Services Officer.

07 DATED this 27th day of December, 2007.

*[signature: John L. Weinberg]*

John L. Weinberg
United States Magistrate Judge

DETENTION ORDER 15.13
18 U.S.C. § 3142(i) Rev. 1/91
PAGE 4